United States District Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| INDEPENDENT PROFESSIONAL MANAGEMENT, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-25-3184 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

## I. Background

This is a dispute over penalties assessed for failing to file, pay, and deposit timely federal payroll taxes. Independent Professional Management, Inc. ("IPM" or "Professional Management") filed, paid, and deposited its federal payroll taxes for the third quarter of 2019, fourth quarter of 2019, and first quarter of 2020 in July 2020. The Internal Revenue Service assessed late penalties totaling $325.939.31. Professional Management paid the penalties and now seeks a refund. (Docket Entry No. 24). Professional Management alleges that Robert Bishop, the employee who handled its payroll taxes, committed wire fraud and executed a complex embezzlement scheme that caused the company to lose $2.1 million. Professional Management discovered Bishop's scheme in August 2019. On top of that, Steven Young, Professional Management's Chief Operating Officer and the person who had assumed Bishop's payroll-tax responsibilities, suddenly passed away. Professional Management claims that these facts gave it "reasonable cause" for the delay in its tax filings. (Docket Entry No. 24); *see* 26 U.S.C. §§ 6651(a)(1)–(2), 6656.

Based on the motion, the response, the reply, a careful review of the record, the applicable law, the reasons set forth in the earlier memorandum and opinion, (Docket Entry No. 23), and with the benefit of oral argument, the motion to dismiss, (Docket Entry No. 26), is granted in part and denied in part. Professional Management's failure-to-pay and failure-to-deposit claims are dismissed without prejudice and with leave to amend, by September 28, 2026. The reasons for this ruling are set forth in detail below.

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp.

3d 708, 723 (S.D. Tex. Dec. 15, 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III. Analysis

### A. The Relevant Standard

In June 2026, the court dismissed Professional Management's failure-to-file claim with prejudice and its failure-to-pay and failure-to-deposit claims without prejudice and with leave to amend. (Docket Entry No. 23 at 20–21). Specifically, the court gave Professional Management a homework assignment: "Professional Management may be able to amend to allege facts showing that its choices were necessary to avoid the company's collapse and pay its taxes as quickly as possible." (*Id.* at 20). "To survive a motion to dismiss under the majority approach, the taxpayer must allege 'what funds were available each time a payroll tax was due, and how it spent those funds in lieu of paying its taxes.'" (*Id.* at 19–20) (citations omitted). Regardless of one's take on the majority approach, the court must follow "the law of the case doctrine." *See Alberti v. Klevenhagen*, 46 F.3d 1347, 1351 n.1 (5th Cir. 1995). None of the three law-of-the-case exceptions applies. *See id.* After all, Professional Management has not identified any new factual developments, cited an intervening change in the controlling law, or explained how the earlier decision was clearly erroneous and worked a manifest injustice. *See id.* In short, Professional Management must explain "what funds were available each time a payroll tax was due, and how it spent those funds in lieu of paying its taxes." (*See* Docket Entry No. 23 at 19–20).

### B. The First Amended Complaint

The fundamental defect remains in the first amended complaint because Professional Management has not shown its work. (*Compare* Docket Entry No. 24, *with* Docket Entry No 1).

Aside from moving some of the evidence about its "highly leveraged, high interest loan from Gulf Coast bank" from the exhibits to its amended complaint, (*see id.*), Professional Management has not "state[d] what funds it had available each time a payroll tax was due." (Docket Entry No. 26 at 11–17). This defect precludes Professional Management from moving past the motion-to-dismiss stage. The court will allow Professional Management to cure the deficiency, consistent with the court's earlier memorandum and opinion, (Docket Entry No. 23), and this one.

**IV. Conclusion**

The court grants in part and denies in part the motion to dismiss. (Docket Entry No. 26). Professional Management's failure-to-pay and failure-to-deposit claims are dismissed without prejudice and with leave to amend, by September 28, 2026.

SIGNED on September 9, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge